Matter of TCR Sports Broadcasting Holding, LLP v WN Partner, LLC (2020 NY Slip Op 06039)





Matter of TCR Sports Broadcasting Holding, LLP v WN Partner, LLC


2020 NY Slip Op 06039


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Kern, Scarpulla, Shulman, JJ. 


Index No. Index No. 652044/14 Appeal No. 12147-12147A-12147B Case No. 2019-05390 2019-05458 2019-05459 

[*1]In re TCR Sports Broadcasting Holding, LLP, Petitioner-Appellant,
v
WN Partner, LLC, et al., Respondents, Washington Nationals Baseball Club, LLC, Respondent-Respondent. The Baltimore Orioles Baseball Club, et al., Nominal Respondents-Appellants.


Boies Schiller Flexner LLP, New York (Jonathan D. Schiller of counsel) and Sidley Austin LLP, Washington, DC (Carter G. Phillips, of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant and respondents-appellants.
Quinn Emanuel Urquhart & Sullivan LLP, New York (Stephen R. Neuwirth of counsel), for Washington Nationals Baseball Club, LLC, respondent.



Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered December 9, 2019, in favor of respondent Washington Nationals Baseball Club, LLC (the Nationals), unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered on or about August 22, 2019 and on or about November 14, 2019, which granted the Nationals' motion to confirm an arbitration award and denied petitioner's motion to resettle the August 22, 2019 order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In a prior appeal in this arbitration proceeding arising out of a contractual dispute between petitioner (MASN) and the Baltimore Orioles and the Washington Nationals over Major League Baseball (MLB) telecast rights fees, this Court found that the 2014 arbitration award issued by MLB's Revenue Sharing Definitions Committee (RSDC) was correctly vacated due to "evident partiality" in the arbitrators (9 USC § 10[a][2]), i.e., the Nationals' counsel's unrelated representations at various times of virtually every participant in the arbitration except for MASN and the Orioles and the failure of MLB and the RSDC, despite repeated protests, to provide MASN and the Orioles with full disclosure or to remedy the conflict before the arbitration hearing was held (Matter of TCR Sports Broadcasting Holding, LLP v WN Partner, LLC, 153 AD3d 140 [1st Dept 2017], appeal dismissed 30 NY3d 1005 [2017]). However, the Court found no basis for directing that the second arbitration be heard in a forum other than the industry-insider committee that the parties selected in their agreement to resolve this particular dispute, fully aware of the role MLB would play in the arbitration process. The parties proceeded to a second arbitration before the RSDC.
Petitioner failed to establish evident partiality in the RSDC in the second arbitration. Moreover, we reject petitioner's arguments that the RSDC otherwise violated its obligations, exceeded its powers or denied petitioner a fair hearing. To the extent petitioner makes arguments about the RSDC's ability to be impartial that it did not advance in the prior appeal, we reject them.
We have considered petitioner's remaining arguments, including the argument that the court unlawfully modified the award in its confirmation order by performing a calculation of the Nationals' damages (see e.g. Morgan Guar. Trust Co. of N.Y. v Solow, 114 AD2d 818, 821-822 [1st Dept 1985], affd 68 NY2d 779 [1986]), and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2020